IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-3179

_____ANDRE GRANT_____, Plaintiff,

v.

\_PERFORMANT RECOVERY, INC., JOHN DOES, and JANE DOES\_, Defendant

---

**COMPLAINT**

---

## INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Andre Grant, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits Defendants and their agents, who are debt collectors, from engaging in abusive, deceptive, and unfair practices in their illegal efforts to collect a consumer debt from Plaintiff.

## PARTIES

2. Plaintiff <u>Andre Grant</u> (hereinafter "Andre") is a consumer, a natural person allegedly obligated to pay any debt, and a citizen of the United States of America who presently resides in the following County in the following state: <u>Denver County</u>, in the state of <u>Colorado</u>.

3. Defendant <u>Performant Recovery, Inc.</u> (hereinafter "Defendant PRI") is a citizen of the United States of America and is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located at the following address: <u>333 North Canyons Parkway, Suite 100, Livermore, California 94551</u>.

4. Defendant John Does (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff. Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

5. Defendant Jane Does (hereinafter "Defendant Jane Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff. Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the collectors may be joined as parties once their identities are disclosed through discovery.

6. Andre is informed and believes, and thereon alleged, that Defendants use the instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all relevant times, Defendant PRI acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

Jurisdiction is asserted pursuant to the following statutory authorities:

8. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

9. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here. Because Defendants transact business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

Case background:

10. This is an action for actual and statutory damages brought by Andre, an individual consumer, against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

11. Sometime before December of 2012, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), namely an alleged pay day loan debt.

12. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant PRI for collection from Plaintiff.

13. The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household

purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

14. Defendants then within one year prior to the filing of this complaint, began contacting Plaintiff and placing collection calls to Plaintiff prior to December of 2012, seeking and demanding payment for an alleged consumer debt owed under an account number.

15. Defendant PRI's agent, called Andre's cell phone, within one year prior to the filing of this complaint, and lied, stating that Defendants would sue Andre themselves, and also garnish his wages themselves, when they cannot do so, and only the current creditor could actually take said action.

16. Upon information and belief, within one year prior to the filing of this complaint, Defendants, during communications with Andre, told Andre that based on the amount of his alleged debt no one would give him a loan to go back to school, without any definite knowledge as to the truth of said statements; attempting to mislead Andre.

17. Upon information and belief, within one year prior to the filing of this complaint, Defendants demanded immediate payment from Andre, within thirty (30) days of their first communication with him, without stating that he also still had an opportunity to seek validation of the alleged debt, and/or dispute it; thereby overshadowing his rights under the FDCPA.

18. The systematic campaign of harassment of Andre by Defendant PRI has humiliated Andre, causing him mental pain and anguish, emotional distress, and anger, amongst other negative emotions.

## SUMMARY

19. All of the above-described collection communications made to Andre by each individual Defendant and other collection employees employed by Defendant PRI, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

20. The above-detailed conduct by these Defendants of harassing Andre in an effort to collect this alleged debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

21. As a result of the acts alleged above, Defendants caused Andre to become very upset because of the aggressive manner in which this alleged debt was collected by these Defendants.

22. Andre suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, and upset, amongst other negative emotions.

23. Defendants' illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Andre.

## RESPONDEAT SUPERIOR LIABILITY

24. The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant PRI who communicated with Andre as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant PRI.

25. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant PRI in collecting consumer debts.

26. By committing these acts and omissions against Andre, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant PRI.

27. Defendant PRI is therefore liable to Andre through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this alleged debt by communicating with Andre.

## CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

28. Andre repeats, realleges, and incorporates the averments contained in all of the above paragraphs of her complaint as though fully set forth herein.

29. Defendants violated the FDCPA. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Andre:

   i. Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

   ii. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

   iii. Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

   iv. Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt.

30. Defendants' acts as described above were done intentionally with the purpose of coercing Andre to pay the alleged debt.

31. As a result of the foregoing violations of the FDCPA, Defendants are liable to Andre for actual damages, statutory damages, and costs and attorney fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. For such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated:  December 5, 2012                            RESPECTFULLY SUBMITTED,
                                                    Consumer Rights Law Firm, PLLC
                                                    By: /s/ Kevin Crick
                                                    Kevin Crick, Esq.
                                                    Consumer Rights Law Firm, PLLC
                                                    300 Brickstone Square, Suite 902
                                                    Andover, Massachusetts 01810
                                                    Telephone: (978) 212-3300
                                                    Fax: (978) 409-1846
                                                    Email: kevinc@consumerlawfirmcenter.com
                                                    Attorney for Plaintiff Andre Grant